IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Black River Tools, Inc.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Steve Douglas individually, and dba Monster Rod Holders**<br><br>**Defendant.** | CIVIL ACTION NO.  2:14-cv-3452-RMG<br><br><br>COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL |

Black River Tools, Inc. (**"Plaintiff"**), by and through its attorneys, for its Complaint against Steve Douglas individually and dba Monster Rod Holders (**"Defendant"**), alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

### PARTIES

2. Plaintiff is Black River Tools, Inc., a corporation that is incorporated in the state of South Carolina and has its principal place of business located at 6509 Highway 260, Manning SC, 29102.

3. Upon information and belief, Defendant is an individual who resides in Bardstown, Kentucky and is a citizen of Kentucky. Upon information and belief, Defendant holds himself out to be the owner and operator of co-defendant Monster Rod Holders with a

principal place of business located at 3650 New Shepherdsville Rd. Bardstown, Kentucky 40004.[1]

## JURISDICTION

4.    This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns the infringement of a United States patent.

5.    Upon information and belief, Personal jurisdiction over Defendants is proper in this District and is consistent with the principles of due process and the South Carolina Long Arm Statute, because Defendants offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.  An affidavit which evidences such infringing products placed into the stream of commerce in this District is hereby attached as Exhibit A.

## VENUE

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

**The Asserted Patent**

7.    United States Patent Number 6,487,813 (**the "'813 Patent"**), entitled "Dual Position Fishing Rod Holder", was duly and legally issued on December 3, 2002, with D. Calvin Baynard and David A. Baynard named as the inventors. Attached as Exhibit B is a true and

---

[1] http://monsterrodholders.com/2011/12/about-us/.

correct copy of the '813 Patent. The '813 Patent is valid, enforceable, and currently in full effect with all necessary maintenance fees paid.

8. Assignment of the '813 Patent from co-owners D. Calvin Baynard and David A. Baynard occurred on August 18, 2014. Plaintiff is the assignee of the entire right, title, and interest in the '813 Patent.

9. The '813 Patent claims, among other things, a fishing rod holder for supporting a fishing rod in a plurality of fishing positions wherein the rod holder comprises a front fork support having a pair of arms between which the rod is held and a plurality of rod retention elements spaced from the front support fork which position and retain the fishing rod in different elevations and fishing positions.

10. Plaintiff manufactures and sells rod holders that are covered by the '813 Patent. The rod holders sold are marked with the patent number identifying the '813 Patent.

**Defendant's Infringing Products and Activities**

11. Upon information and belief, Defendant has and continues to infringe the '813 Patent by making, using, selling, and offering for sale the Talon 535[2] (see Exhibit C), in the United States, which embodies and practices one or more of the inventions claimed in the '813 Patent. The Talon 535 is a fishing rod holder which supports a fishing rod in a plurality of fishing positions wherein the rod holder comprises a front fork support having a pair of arms between which the rod is held and a plurality of rod retention elements spaced from the front support fork which position and retain the fishing rod in a substantially horizontal position and a second elevated position.

---

[2] http://monsterrodholders.com/shop/3075/  (see also Exhibit C)

12. Upon information and belief, Defendant has and continues to contribute to infringement of the '813 Patent by selling the Talon 535[3] (see Exhibit C), in the United States, which embodies and practices one or more of the inventions claimed in the '813 Patent. The Talon 535 has no substantial non-infringing use. The only use of the Talon 535 is to infringe upon the '813 Patent. Additionally, Defendant has actual knowledge of the '813 Patent and knows or should know that the Talon 535 is infringing the '813 Patent as used and designed to be used.

13. Upon information and belief, Defendant has been and is inducing infringement of the '813 Patent by actively and knowingly inducing others to use the Talon 535, in the United States, which embodies and practices one or more of the inventions claimed in the '813 Patent. Specifically, Defendant is selling the Talon 535 which has no substantial non-infringing uses. Defendant's sale of the Talon 535 for use as a rod holder, advertisement of the Talon 535 for sale, and Defendant's use and instruction on use of the Talon 535 as pictured on Defendant's website[4] (see Exhibit C) is designed to induce infringement of buyers and users of the Talon 535. Defendant knows that use of the Talon 535, which he is selling, will infringe the '813 Patent.

14. On November 3, 2009, Plaintiff mailed Defendant a letter regarding earlier products that were thought to be infringing the '813 Patent, which place Defendant on actual notice of the '813 Patent (Exhibit D). Plaintiff and Defendant have engaged in multiple discussions and negotiations which have culminated in Defendant ceasing manufacturing and selling at least one product.

15. Upon information and belief, Defendant has known of the existence of the '813 Patent, and its acts of infringement have been wilful and in disregard for the '813 Patent, without

---

[3] http://monsterrodholders.com/shop/3075/  (see also Exhibit C)
[4] http://monsterrodholders.com/shop/3075/  (see also Exhibit C)

any reasonable basis for believing that it had a right to engage in the infringing conduct. Plaintiff's first letter, on November 3, 2009, Defendant's response, on November 13, 2009, and the multiple subsequent communications after serve to show that Defendant had actual knowledge or reasonably should have had knowledge of the '813 Patent and the claims therein.

16.    On or about June, 2014 Defendant's Talon 535 product was ordered by Calvin Geddings. Product was delivered to 123 Bent Needle Court, Lexington SC 29072. Attached in Exhibit A is the Affidavit of Calvin Geddings, and a picture of the infringing Talon 535 delivered.

## PATENT INFRINGMENT COUNTS

17.    On information and belief, Defendant's infringement has been, and continues to be knowing, intentional, and willful.

18.    On information and belief, Defendant's acts of infringement of the '813 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

19.    On information and belief, Defendant's acts of infringement of the '813 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

20.    On information and belief, this case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT ONE

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,487,813

21. Plaintiff repeats and realleges paragraphs 1 through 20 thereof, as if fully set forth herein.

22. Upon information and belief, Defendant has been and is directly infringing at least claim 1, 5, and 13 of the '813 Patent by making, using, selling, or offering for sale in the United States, including within this judicial district, a fishing rod holder for supporting a fishing rod in a plurality of fishing positions, including the one sold under the name Talon 535, in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

## COUNT TWO

### INDUCEMENT OF INFRINGMENT OF U.S. PATENT NO. 6,487,813

23. Plaintiff repeats and realleges paragraphs 1 through 22 thereof, as if fully set forth herein.

24. Upon information and belief, Defendant has been and is inducing infringement of the '813 Patent by actively and knowingly inducing others to use the Talon 535 that embodies or practices the invention claimed in the '813 Patent, including those sold under the name Talon 535, in violation of 35 U.S.C. § 271(b).

## COUNT THREE

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6,487,813

25. Plaintiff repeats and realleges paragraphs 1 through 24 thereof, as if fully set forth herein.

26. Upon information and belief, Defendant has been and is contributing to the infringement of the '813 Patent by selling or offering to sell the Talon 535, knowing them to be especially made or especially adapted for practicing the invention of the '813 Patent and not a

staple article or commodity of commerce suitable for substantial noninfringing use, in violation of 35 U.S.C. § 271(c).

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed, actively induced infringement of and contributorily infringed the '813 Patent, in violation of 35 U.S.C. § 271(a), (b) and (c);

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '813 Patent;

3. Ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '813 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Declaring that Defendant's infringement of the '813 Patent has been willful and deliberate;

5. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '813 Patent;

6. Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

7. Awarding such other and further relief as this Court deems just and proper.

DATED this 26th day of August.

                Respectfully submitted,

                /s/Thomas L. Moses
                Thomas L. Moses (Fed. ID No. 7049)
                SOUTHEAST IP GROUP, LLC
                13-B West Washington Street

Greenville, South Carolina 29601
Telephone: (864) 509-1905
Facsimile: (864) 509-1907
tmoses@seiplaw.com
*Attorney for Plaintiff*